# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,          )
                                     )
      v.                     )    ID No. 2306007269
                                     )
MICHAEL A. COSME,         )
                                     )
      Defendant.        )

Submitted: March 9, 2026
Decided: March 16, 2026

*Upon Defendant Michael A. Cosme's Motion for Postconviction Relief,*
**DENIED.**

*Upon Motion to Withdraw as Counsel of Benjamin S. Gifford, IV, Esquire,*
**GRANTED.**

## ORDER

Beth D. Savitz, Esquire, Deputy Attorney General, DEPARTMENT OF JUSTICE, 820 North French Street, Wilmington DE 19801, Attorney for the State of Delaware.

Benjamin S. Gifford, IV, Esquire, THE LAW OFFICE OF BENJAMIN S. GIFFORD, IV, 14 Ashley Place, Wilmington, DE 19804, Attorney for the Defendant Michael A. Cosme.

Michael A. Cosme, SBI# 497654, Howard R. Young Correctional Institution, P.O. Box 9561, Wilmington, DE 19801, Defendant.

**WHARTON, J.**

This 9th day of March, 2026, upon consideration of Defendant Michael A. Cosme's ("Cosme") Motion for Postconviction Relief ("PCR Motion"),[1] the Motion to Withdraw as Counsel of Benjamin S. Gifford, IV,[2] and the record in this case, it appears to the Court that:

1.      Cosme pled guilty to Possession of a Firearm by a Person Prohibited ("PFBPP") on March 4, 2024 in this case as well as charges of Possession of Burglars' Tools, Leaving the Scene of an Accident and Theft of a Motor Vehicle in other cases (Cosme's *pro se* PCR Motion is addressed to the PFBPP case only.)[3] He was sentenced immediately to the agreed upon sentence of 15 years at Level V, suspended after the minimum mandatory period of 10 years for decreasing levels of supervision.[4] He did not appeal. Cosme filed his *pro se* PCR Motion and request for appointment of counsel on February 13 and 14, 2025.[5] The Court ordered that counsel be appointed on February 24th.[6] Mr. Gifford was appointed to represent Cosme. Mr. Gifford, having conscientiously reviewed the record and having found no meritorious postconviction claims, filed a Motion to Withdraw as Counsel

---

[1] PCR Mot., D.I. 16.
[2] Mot. to Withdraw, D.I. 27.
[3] D.I. 9.
[4] D.I. 10.
[5] D.I. 16 (*pro se* PCR Motion); D.I. 15 (Mot. for Appointment of Counsel).
[6] D.I. 19

pursuant to Superior Court Criminal Rule 61(e)(7) on February 2, 2026.[7] Mr. Collins also informed Cosme that he had 30 days to file a response to the Motion to Withdraw as Counsel.[8] More than 30 days has elapsed since Cosme was served and he has filed no response to the Motion to Withdraw.

2. Cosme's *pro se* PCR motion alleges four grounds for relief: (1) his guilty plea was coerced by the prosecutor threatening to arrest his child's mother; (2) ineffective assistance of counsel ("IAC") because his counsel "Denied me my right to a suppression hearing, denied my suppression of favorable evidence;" (3) denial of his right to a "fair speedy trial" which included the denial of his right to "confront witnesses and/or accuser at preliminary hearing;" and (4) his sentence was improperly enhanced because he did not have the requisite number of violent felonies.[9]

3. In his Motion to Withdraw, Mr. Gifford carefully assesses Cosme's claims for relief.[10] With respect to the coerced guilty plea, he notes that on his Truth in Sentencing Guilty Plea Form, Cosme answered affirmatively when asked whether he had "freely and voluntarily decided to plead guilty to the charges listed in the written plea agreement."[11] He answered "No" to another question on the form asking whether his attorney, the State, or anyone else threatened or forced him to plead

---

[7] D.I. 27.
[8] *Id.*
[9] D.I. 16.
[10] *Id.* at 8-17.
[11] *Id.* at 8 .

guilty.[12]  He gave the same answer in his colloquy with the Court.[13]  Regarding Cosme's ineffective assistance of counsel claim, which appears to be based on an unspecified suppression issue, Mr. Gifford correctly notes that Cosme's guilty plea waived his right to challenge errors before the plea was entered.[14]  As to Cosme's speedy trial claim, which is actually a challenge to his inability to confront witnesses at his preliminary hearing, Mr. Gifford notes that claim also is waived by Cosme's plea agreement.[15]  Additionally, any alleged errors related to a preliminary hearing have no bearing on his subsequent conviction.[16]  Finally, even if one of Cosme's prior felony convictions was a non-violent felony, he still had two other violent felony convictions that would support his enhanced sentence.[17]

4.      Under Delaware Superior Court Rules of Criminal Procedure, a motion for postconviction relief can be barred for time limitations, successive motions, procedural default, or former adjudication.[18]  A motion exceeds time limitations if it is filed more than one year after the conviction becomes final, or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right was first recognized by the

---

[12] *Id.*
[13] *Id.* at 8-9.
[14] *Id.* at 13.
[15] *Id.* at 13-14.
[16] *Id.* at 15-17.
[17] *Id.*
[18] Super. Ct. Crim. R. 61(i).

4

Supreme Court of Delaware or the United States Supreme Court.[19]  A second or subsequent motion is considered successive and therefore barred and subject to summary dismissal unless the movant was convicted after a trial and "pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted" or "pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction ... invalid."[20]  Grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred as procedurally defaulted unless the movant can show "cause for relief" and "prejudice from [the] violation."[21]  Grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a post-conviction proceeding, or in a federal habeas corpus hearing" are barred.[22]  The bars to relief do not apply either to a claim that the court lacked jurisdiction or to a claim that pleads with particularity that new evidence exists that creates a strong inference of actual innocence,[23]

4.    Before addressing the merits of a defendant's motion for postconviction

---

[19] Super. Ct. Crim. R. 61(i)(1).
[20] Super. Ct. Crim R. 61(i)(2); Super. Ct. Crim. R. 61(d)(2).
[21] Super. Ct. Crim. R. 61(i)(3).
[22] Super. Ct. Crim. R. 61(i)(4).
[23] Super. Ct. Crim. R. 61(i)(5).

relief, the Court must first apply the procedural bars of Superior Court Criminal Rule 61(i).[24] If a procedural bar exists, then the Court will not consider the merits of the postconviction claim.[25]

5.      This PCR is both timely and Cosme's first. Therefore the bars of Rules 61(i)(1) and (2) do not apply. Arguably, his claims that his guilty plea was coerced, that he was denied his right to confront and cross-examine witnesses at his preliminary hearing, and that his sentence was illegally enhance are procedurally defaulted under Rule 61(i)(3) because they were not raised in the proceedings leading to the judgment of conviction. Mr. Gifford addresses them on the merits however, and the Court agrees with his assessments. To the extent these claims are not procedurally defaulted, the Court addresses them as well. Cosme's IAC claim, which could not have been raised before, is not barred by Rule 61(i).

6.      **Coerced Guilty Plea.** Cosme's statements in the Truth in Sentencing Guilty Plea Form and during his colloquy with the Court are presumed to be truthful.[26] Further, absent clear and convincing evidence that his statements were not made knowingly, voluntarily and intelligently, Cosme is bound by them.[27] Collectively, he stated that no one forced him to enter the plea and that he was doing it freely and

---

[24] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[25] *Id.*
[26] *Somerville v. State,* 703 A.2d 629, 632 (Del. 1997).
[27] *Hammons v. State,* 2005 WL 2414271 at *1 (Del. Sept. 28, 2005).

6

voluntarily because he was guilty.[28] The Court was satisfied that Cosme was entering his plea knowingly, intelligently, and voluntarily. Moreover, the alleged threat to arrest the mother of his child seemed to relate only to a theft of a motor vehicle charge and not the PFBPP count.[29] Nothing in the record supports a contrary conclusion.

7. **Ineffective Assistance of Counsel**. Cosme alleges in his IAC claim that counsel "denied [him his] right to a suppression hearing" and "denied [his] suppression of favorable evidence."[30] He did not identify what he sought to be suppressed, nor did he identify a basis for suppression. He did not explain what denying his suppression of favorable evidence meant.

8. To successfully bring an IAC claim, a claimant must demonstrate: (1) that counsel's performance was deficient; and (2) that the deficiencies prejudiced the claimant by depriving him of a fair trial with reliable results.[31] To prove counsel's deficiency, a defendant must show that counsel's representation fell below an objective standard of reasonableness.[32] Moreover, a defendant must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal.[33] Conclusory and unsupported claims of prejudice are insufficient to establish

---

[28] Tr. (March 4, 2024) at 15:15-16:10.
[29] *See,* prosecutor's sentencing comments*, id.* at 18:6-14.
[30] D.I. 16.
[31] *Strickland v. Washington*, 466 U.S. 668, 688 (1984).
[32] *Id.* at 667-68.
[33] *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996).

ineffective assistance; a defendant must make and substantiate concrete claims of actual prejudice.[34]  "[A] court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[35]  A successful Sixth Amendment claim of IAC requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[36]  An inmate must satisfy the proof requirements of both prongs to succeed on an IAC claim.  Failure to do so on either prong will doom the claim and the Court need not address the other.[37]

9.      His IAC claim is conclusory and he makes no effort to explain how his counsel's alleged failures created a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  There is no merit to it.

10.     **Violation of Right to Speedy Trial.**  Although captioned as a speedy trial claim, in reality this claim alleges that he was denied his right to confront and cross-examine witnesses at his preliminary hearing.  It is unclear exactly what Cosme is alleging since he had a preliminary hearing and his attorney cross-examined the

---

[34] *Dawson v. State,* 673 A.2d 1186, 1196 (Del. 1996).
[35] *Strickland*, 446 U.S. at 689.
[36] *Id.* at 694.
[37] *Strickland,* 466 U.S. at 697; *Ploof v. State,* 75 A.3d 811, 825 (Del. 2013) ("*Strickland* is a two-pronged test, and there is no need to examine whether an attorney performed deficiently if the deficiency did not prejudice the defendant.").

State's witness.[38] In any event, Cosme's guilty plea waived any right to challenge any errors or defects before the plea.[39] Furthermore, any alleged errors concerning a preliminary hearing "[have] no bearing on a defendant's subsequent conviction."[40]

11. **Improper Sentencing Enhancement.** The gravamen of this claim is that the PWID charge is no longer a violent felony, making the enhanced sentence unlawful. In his plea agreement, Cosme agreed that he had been convicted of six prior felonies: (1) PWID (2011); (2) Robbery Second Degree in Delaware (2007); (3) Robbery in Texas (2006); (4) Conspiracy Second Degree (2011); (5) PFBPP/PABPP 2012; (6) Theft (2006).[41] Prior convictions of two violent felonies requires a minimum mandatory 10 year sentence on a PFBPP charge.

12. This claim fails for two reasons. First, the PWID charge in 2011, under former 16 *Del. C.* §4751 currently is classified as a violent felony and was classified as one when Cosme committed the PFBPP charge.[42] Second, he two robbery convictions would qualify as two violent felonies, enhancing his sentence. In Delaware Robbery in the Second Degree is a violent felony.[43] It is committed when

---

[38] App. to Mot. to Withdraw, At 22-69, D.I. 28.
[39] *Rodriguez v. State,* 2004 WL 1857547 at *1 (Del. Jan. 15, 2004) (a Guilty plea "eliminates [the defendant's] claim relating to events occurring before the entry of the plea[.]").
[40] *State v. Bailey,* 2004 WL 2914320 at *2 (Del. Super. Ct. Dec. 13, 2004).
[41] D.I. 9.
[42] *See,* D.I. 27 at 16-17 (citing 11 *Del. C.* § 4210(c)(1).
[43] 11 *Del. C.* § 4201(b).

a person, in the course of committing theft, uses or threatens the immediate use of force upon another person with intent to: (1) Prevent or overcome resistance to the taking of the property or to the retention thereof immediately after the taking; or (2) Compel the owner of the property or another person to deliver up the property or to engage in other conduct which aids in the commission of the theft.[44] In Texas a person commits Robbery in the Second Degree if, in the course of committing theft and with intent to obtain or maintain control of the property, he: (1) intentionally, knowingly, or recklessly causes bodily injury to another; or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.[45] The elements of the two robbery crimes in Delaware and Texas are substantially the same. Because Delaware classifies Robbery in the Second Degree as a violent felony, the same crime in Texas also is a violent felony for purposes of enhanced PFBPP sentencing.

13. Accordingly, having carefully reviewed the record itself, the Court concurs with Mr. Gifford that Cosme's postconviction claims are wholly without merit such that he could not ethically advocate them.

**THEREFORE, for** the reasons stated above Michal A. Cosme's Motion for

---

[44] 11 *Del. C.* § 831.
[45] Tex. Penal Code. Ann. § 29.02.

Postconviction Relief is **DENIED**. The Motion to Withdraw as Counsel of Benjamin S. Gifford, IV, Esquire is **GRANTED**.

**IT IS SO ORDERED.**

*/s/ Ferris W. Wharton*
Ferris W. Wharton, J.
